IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **CEDRIC LAMONTE GRAY,** § | | |
| **TDCJ No. 2286548,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | Civil Action No. 7:19-cv-00078-M-BP |
| § | | |
| **WICHITA COUNTY** § | | |
| **SHERIFF'S DEPARTMENT,** *et al.*, § | | |
| § | | |
| **Defendants.** § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 5, 2019, this case was referred to the undersigned for pretrial management pursuant to Special Order No. 3. ECF No. 1. Before the Court is the Third Motion to Dismiss filed by Defendants Samantha Muncy (Officer Muncy) and the Wichita County Sheriff's Department (WCSD) (collectively "the Defendants") on October 14, 2020 and Plaintiff's Third Motion to Oppose Defendant's Third Motion to Dismiss filed on November 9, 2020. ECF Nos. 47 and 48, respectively. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Motion to Dismiss (ECF No. 47) and **DISMISS WITH PREJUDICE** Plaintiff's claims against the Defendants for failure to state a claim and **DISMISS WITHOUT PREJUDICE** his claims against Wichita County Sheriff David Duke for failure to serve him in this action.

**I.    BACKGROUND**

Plaintiff Cedric Lamonte Gray ("Gray"), an inmate previously confined in the Wichita County Jail, brings this action *pro se* and *in forma pauperis* for injuries he received as a passenger in a transport van involved in a vehicle accident pursuant to 42 U.S.C. § 1983, the Americans with

Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). Gray filed his original complaint on July 5, 2019, against WCSD and Officer Muncy, alleging that he requested that he be buckled in before being transported to his dialysis treatment, Officer Muncy refused to do so, and the driver of another vehicle ran a red light and collided with the van in which he was riding. ECF No. 3 at 3-4. Gray claims the Defendants thus violated his civil rights by failing to properly restrain him during the February 20, 2019 vehicle accident. *Id.* at 4. After the incident, Gray and Officer Muncy were transported to United Regional Hospital and evaluated by the hospital staff. ECF No. 20 at 2. Gray was prescribed medication for pain, but the hospital did not note that he received any serious medical injuries as a result of the accident. *Id.*

On February 23, 2019, Gray filed a grievance with the WCSD regarding the accident and pain he was experiencing in his neck and back. ECF No 3-1 at 3-4. On March 8, 2019, the WCSD Grievance Board determined that his complaints were unfounded. *Id*. at 3. The Grievance Board stated that using a seatbelt with Gray "was not possible without the potential for escalating interactions." *Id.* at 6. Further, the Grievance Board acknowledged that the medical records indicated Gray was taken to the hospital after the accident, and he "is being monitored and he has been examined after each request he has turned in to the medical provider." *Id.*

On July 5, 2019, Gray filed suit against the Defendants. *See* ECF No. 3. Defendants filed their first motion to dismiss on January 1, 2020. *See* ECF No. 20. The Court deemed the motion to be moot and ordered Gray to file an amended complaint on or before May 8, 2020. ECF No. 28. When Gray did not amend his complaint timely, Defendants filed their Second Motion to Dismiss on May 22, 2020. On September 30, 2020, the Court determined the amended complaint in the form attached to Gray's Motion to Request Leave to File Amended Complaint (ECF No. 25) should be deemed to have been be filed. ECF No. 45. Defendants filed their third motion to dismiss

on October 14, 2020. ECF No. 47. The Defendants note that although Gray mentions claims in his amended complaint against Wichita County Sheriff David Duke, Gray has not served him as a defendant in this action. *See id.* at 2. Gray filed his objection to the third motion to dismiss on November 9, 2020. ECF No. 48. The Third Motion to Dismiss is fully briefed and ripe for review.

## II. LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp* v. *Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a

motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

  b.  *Pro se* **pleading standards**

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, as noted above, a court may dismiss a

complaint with prejudice if the plaintiff has pleaded his best case. *Jones*, 188 F.3d at 326-27 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III. ANALYSIS

Officer Muncy and the WCSD move to dismiss the complaint, arguing that Gray failed to state a claim against them on which relief can be granted. They assert that dismissal is proper because (1) the failure to provide Gray a seatbelt, without more, did not violate his Eighth Amendment rights; (2) Gray's claims under the ADA and RA are conclusory; (3) Officer Muncy is entitled to qualified immunity as a government official; and (4) claims against WCSD must be dismissed because there is no vicarious liability under § 1983. *See* ECF No. 47.

### a. Gray's claim for failure to provide a seatbelt does not assert an Eighth Amendment violation.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Gray has failed to state a claim that Defendants deprived him of a constitutional right.

The Fifth Circuit analyzes claims regarding constitutional violations during inmate transportation of a convicted prisoner such as Gray under the Eighth Amendment. *Rogers v. Boatright*, 709 F.3d 403, 407-08 (5th Cir. 2013). The Fourteenth Amendment would apply to claims by a pretrial detainee, though the deliberate-indifference analysis would be the same under either amendment. *See Brannan v. City of Mesquite, Texas*, No. 3:19-cv-1263-X, 2020 WL 7344125, at *3 n.14 (N.D. Tex. Dec. 14, 2020) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 647-48 (5th Cir. 1996)). Under the Eighth Amendment, state prisoners must be subject to

"humane" conditions of confinement, and the conditions "must not involve the wanton and unnecessary infliction of pain." *Palmer v. Johnson,* 193 F.3d 346, 351-52 (5th Cir. 1999) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), and *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). For an Eighth Amendment violation to occur, the injury must be "objectively sufficiently serious," and the state official must have been deliberately indifferent to the prisoner's health and safety. *Id.* at 352 (quoting *Farmer*, 511 U.S. at 834). To prove deliberate indifference "there are two necessary components: (1) 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists,' and (2) 'he must also draw that inference.'" *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837); *see also Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003).

Gray alleges a constitutional violation occurred when he was injured during transfer from the jail to a dialysis facility because Defendants failed to properly secure him with a seatbelt. ECF No. 46 at 9. He notes that he was placed in leg restraints and hand cuffs when he was put in the back of the WCSD vehicle. ECF No. 3 at 4. He asserts further that he requested that he be belted into the vehicle before being transported. ECF No. 46 at 9. During transport, another vehicle ran a red light at an intersection and struck the vehicle in which Gray was riding. *Id.*

Taking Gray's allegations as true, his injuries and his not being belted in the vehicle when the accident occurred do not state a claim that Officer Muncy acted with deliberate indifference towards his health or safety. Gray does not allege Officer Muncy was driving negligently or recklessly prior to the collision. In contrast, on the Wichita County Sheriff Office Inmate Grievance (WCSO Inmate Grievance) form attached to his complaint, Gray indicated that the transport vehicle was struck as a result of another vehicle's running a red light. ECF No. 3-1 at 3. While in his Amended Complaint, Gray does state that the car was struck "just prior to officer

6

(defendant Muncy) running a yellow light," this action does not rise to the level of reckless driving that would be required to allege a violation under the Eighth Amendment. ECF No. 46 at 9. Gray fails to allege that Officer Muncy subjectively knew that he was in a situation that presented a substantial risk of harm at the time of the accident or that Officer Muncy's actions were reckless or dangerous. Under those circumstances, Gray has not alleged a violation of his Eighth Amendment rights. *Crumbliss v. Darden*, 469 F. App'x 325, 327 (5th Cir. 2012). "[N]o court has held that [failure to secure inmates with seat belts during transportation], standing alone, constitutes deliberate indifference." *Johnson v. Thaler*, No. V-10-025, 2012 WL 1202138, at *8 (S.D. Tex. Apr. 9, 2012), *aff'd*, 507 F. App'x 370 (5th Cir. 2013).

  **b.  Gray's ADA and RA claims are conclusory and fail to state a cognizable claim.**

Title II of the ADA applies to public entities such as the WCSD and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. "Title II imposes an obligation on public entities to make reasonable accommodations or modifications for disabled persons, including prisoners." *Garrett v. Thaler*, 560 F. App'x 375, 382 (5th Cir. 2014) (citing *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) and *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998)). To bring a claim under Title II of the ADA, a plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (citing *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).

7

A qualifying disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Additionally, the RA "provides that a disabled individual shall not 'solely by reason of her or his disability … be denied the benefits of … any program or activity receiving Federal financial assistance.'" *Epley v. Gonzalez*, No. 5:18-cv-00142-BQ, 2019 WL 2583143, at *22 (N.D. Tex. May 29, 2019), *rec. adopted*, No. 5:18-cv-00142-C-BQ, 2019 WL 2579231 (N.D. Tex. June 24, 2019) (quoting 29 U.S.C. § 794(a)). "To state a claim for relief under the RA, a plaintiff must allege: '(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has ... been denied benefits from, or otherwise been subject to discrimination under such program or activity.' " *Hay v. Thaler*, 470 F. App'x 411, 417-18 (5th Cir. 2012) (quoting *Melton*, 391 F.3d at 676 n.8).

WCSD contends that Gray's ADA and RA claims are conclusory and do "not provide any detail as to what conduct, if any, by Defendants would give rise to liability." ECF No. 47 at 5. To recover under the ADA or RA, Gray must show that he "(1) was a qualified individual with a disability, and (2) was excluded from participation in or denied the benefits of the services, programs, or activities of the [WCSD], or was otherwise subjected to discrimination, (3) because of his disability." *Wright v. Texas Dep't of Criminal Justice*, No. 7:13-cv-00116-O, 2013 WL 6578994, at *3 (N.D. Tex. Dec. 16, 2013) (citing *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000)). Gray's conclusory allegations do not state any facts that would show a violation of the ADA or RA.

Gray claims that he is protected under the ADA and RA, but he does not identify his qualifying disability. ECF No. 46 at 10-11. He claims that Officer Muncy and the WCSD failed to

8

provide him an adequate accommodation during his time in their custody, but he fails to state what accommodation was denied to him. *Id.* at 11. Gray seems to indicate that Officer Muncy and WCSD employees violated his rights under the ADA and RA by not placing him in a seatbelt. However, he makes no claim that they refused to place him in a seatbelt due to his disability. *Id.* Gray has failed to allege facts that would support any claim under the ADA and RA.

        **c.**        **Officer Muncy is entitled to qualified immunity as a government official.**

The doctrine of qualified immunity protects government officials from suit and "from liability for civil damages under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Once an official asserts qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When determining whether an official can claim qualified immunity, courts engage in a two-step analysis. *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016). "First, they assess whether a statutory or constitutional right would have been violated on the facts alleged." *Id*. "Second, they determine whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that 'every reasonable official would understand that what he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371

(5th Cir. 2011) (emphasis in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Defendants argue that Officer Muncy is entitled to qualified immunity because Gray has failed to allege that she violated his constitutional rights. ECF No. 47 at 5. For the reasons explained above, the Court agrees that Gray has not alleged facts to state a plausible claim that Officer Muncy violated his constitutional rights. Moreover, even if Gray's complaint can be read to state a constitutional violation, Gray has not shown that the law was clearly established as of the date of the automobile collision that "every reasonable official" would have known that he should be belted into the vehicle before he was transported to his dialysis appointment. Accordingly, Officer Muncy is entitled to qualified immunity from Gray's claims, and his claims against her should be dismissed.

### d. Claims against WCSD should be dismissed as there is no vicarious liability under Section 1983.

"Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); see also *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Gray has failed to allege any facts against the WCSD other than *respondeat superior* or supervisory claims. He has not alleged any direct conduct on the part of the WCSD that would permit recovery against it. Therefore, Gray's claims under § 1983 against the WCSD should be dismissed.

### e. Claims against Sheriff Duke should be dismissed without prejudice.

The Court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss a case for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–

33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982) (sua sponte dismissal for failure to prosecute may be without notice to the parties). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626). A plaintiff has ninety days to serve a defendant after he files his complaint. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve the defendant in a timely fashion, the Court may dismiss the action without prejudice against the unserved defendant. *Id.*

Rule 4(m) provides that dismissal should be with notice to the plaintiff. *Id.* However, the undersigned finds that dismissal without prejudice of Gray's claims against Sheriff Duke, without prior notice to Gray, is appropriate here for two reasons. First, Gray has not requested that the Court order service of his amended complaint on Sheriff Duke or has otherwise shown that he served the amended complaint on him. This is so even though Defendants clearly pointed out in their Third Motion to Dismiss filed on October 14, 2020 that Gray had not served Sheriff Duke with the amended complaint. *See* ECF No. 47 at 2. Second, Gray's claims against Sheriff Duke, even if he had been properly served, should be dismissed. Gray claims that the sheriff is liable because he failed to adopt a seat belt requirement for transporting prisoners such as himself and for the conduct of Officer Muncy. ECF No. 46 at 7-8, 11. However, Sheriff Duke cannot be liable under § 1983 as Officer Muncy's supervisor because there is no vicarious or *respondeat superior* liability of supervisors. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (supervisors not liable under § 1983 for conduct of subordinates). A supervisor such as Sheriff Duke could be liable only if (1) he directly participated in the act that caused a constitutional deprivation; or (2) if there were a sufficient

causal connection between his improper conduct and the constitutional deprivation. *Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Thompkins*, 828 F.2d at 304). Here, there was no constitutional violation for which Sheriff Duke could have been liable. And there was no direct causal connection between the lack of a mandatory seat belt policy and Gray's injuries since the collision was caused by the driver who ran the red light at the intersection, not by Officer Muncy. Consequently, Gray's claims against Sheriff Duke should be dismissed, even if he had been served properly. Under these conditions, the Court should dismiss Gray's claims against Sheriff Duke without prejudice.

### f. Claims against Officer Muncy and WCSD should be with prejudice.

Dismissal without prejudice is appropriate if a court finds that the plaintiff has not alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). However, where "[a]n amendment would be futile [because] . . . the complaint as amended would be subject to dismissal," then it should be dismissed with prejudice. *Cal Dive Int'l, Inc. v. Schmidt*, 639 F. App'x 214, 219 (5th Cir. 2016). Gray has amended his complaint, or had the opportunity to do so, multiple times. In his amended complaint, he did not add additional factual allegations to support his claims against Officer Muncy and the WCSD. Although he sought and received leave to amend his complaint, he did not cure the legal defects that the Defendants raised, nor did he seek any further leave to amend. Despite his efforts to raised viable claims against the Defendants, Gray did not do so. The undersigned concludes that he has pleaded his best case against them, and any further amendment would be futile. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Accordingly, Gray's claims against Officer Muncy and the WCSD should be dismissed with prejudice.

## IV. CONCLUSION

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** Defendants' Motion to Dismiss (ECF No. 47); **DISMISS WITH PREJUDICE** Gray's claims against Defendants Samantha Muncy and the Wichita County Sheriff's Department for failure to state a claim; and **DISMISS WITHOUT PREJUDICE** Gray's claims against Sheriff David Duke for failure to prosecute his case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** December 22, 2020.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE